[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
Plaintiff-appellant, William Adair, appeals the decision of the Clermont County Court of Common Pleas, Domestic Relations Division, ordering him to pay child support and awarding defendant-appellee, Amy Adair, the income tax dependency exemption for their two minor children.
The parties were married on March 4, 1994, and they had two children, Joseph, born May 12, 1994, and Elijah, born July 27, 1995. On January 20, 1999, appellant filed a complaint for divorce. Appellee filed an answer and counterclaim for divorce. A magistrate's hearing was held on August 20, 1999.
On September 20, 1999, the magistrate filed an opinion granting the parties a divorce. Appellee was given custody of the children, with appellant receiving visitation. Appellant was found to be voluntarily underemployed, and the trial court imputed to him a yearly income of $16,640. Appellee was also found to be underemployed, and she was imputed a yearly income of $14,000. Appellant was ordered to pay $600.15 per month in child support and processing fees. Appellee was awarded the tax dependency exemption for the two children.
Appellant filed objections to the magistrate's decision. On November 17, 1999, the trial court filed its entry overruling the objections and adopting the magistrate's decision. Appellant appeals, raising two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION, FINDING THAT APPELLANT WAS VOLUNTARILY UNDEREMPLOYED AND IMPUTING INCOME TO APPELLANT.
 In his first assignment of error, appellant contends that the trial court failed to consider evidence weighing in favor of not imputing income to him. The decision whether a parent is underemployed is a question of fact for the trial court. Rock v. Cabral (1993), 67 Ohio St.3d 108, 112. A review of the record demonstrates that there was evidence supporting the magistrate's decision to impute income to appellant. The first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING APPELLEE THE RIGHT TO THE DEPENDENCY TAX EXEMPTION FOR BOTH OF THE PARTIES' MINOR CHILDREN.
 In his second assignment of error, appellant contends that he should have been awarded the dependency tax exemption for the parties' minor children. The residential parent is presumed to receive the dependency tax exemption, absent evidence demonstrating that awarding the dependency tax exemption to the non-residential parent is in the best interest of the children. Singer v. Dickinson (1992), 63 Ohio St.3d 408, 411. The magistrate found that there was no evidence to support awarding the dependency tax exemption to appellant. The record supports this conclusion. The second assignment of error is overruled.
Judgment affirmed.
A certified copy of this judgment entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
 __________________________________ Stephen W. Powell, Presiding Judge
 __________________________________ William W. Young, Judge
 __________________________________ Anthony Valen, Judge